IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WASHINGTON,<br><br>          Plaintiff,<br><br>     v.<br><br>SHELL OIL PRODUCTS US., et. al.,<br><br>          Defendants. | No. C07-2352 MJJ<br><br>**ORDER DENYING MOTION TO REMAND** |

## INTRODUCTION

Before the Court is Plaintiff Larry Washington's ("Plaintiff") Motion to Remand.[1] Defendant Equilon Enterprises LLC d/b/a Shell Oil Products US ("Equilon") opposes the Motion to Remand. For the following reasons the Court **DENIES** Plaintiff's Motion to Remand.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 8, 2007, Plaintiff Larry Washington, a resident of California, filed suit in California state court ("Complaint") against Defendant and Does 1 to 20. According to Equilon's Notice of Removal[2] ("Notice"), Equilon received the Complaint on April 5, 2007 at its refinery in Martinez, California. (Notice ¶ 6.) Plaintiff's Complaint claims that on or about November 8, 2005, Plaintiff was an employee at Equilon's refinery and that he incurred an injury while working at the refinery. Plaintiff's Complaint states two causes of action against Defendants, the first based on

---

[1] Docket No. 8.

[2] Docket No. 1.

1 strict liability and the second based on negligence. On April 30, 2007, Equilon filed a Notice of
2 Removal of Plaintiff's action from state court to the District Court for the Northern District of
3 California pursuant to 28 U.S.C. § 1441, claiming that the Court has subject matter jurisdiction over
4 the case under diversity jurisdiction as provided by 28 U.S.C. § 1332. Plaintiff filed a Motion for
5 Remand ("Motion") on May 29, 2007. The case was reassigned to this Court on June 21, 2007.
6 Equilon filed an Opposition[3] ("Opposition") to Plaintiff's Motion on July 16, 2007. Plaintiff has not
7 filed a reply to Equilon's Opposition.

**LEGAL STANDARD**

9 Pursuant to 28 U.S.C. § 1441(a), a defendant in a civil action may remove a case from state
10 court to federal district court if the district court has subject matter jurisdiction over the case. The
11 district court has subject matter jurisdiction over a case if there is diversity of citizenship between
12 the parties or if the action is founded on a claim arising under the Constitution, laws, or treaties of
13 the United States. 28 U.S.C. § 1441(b); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332
14 (diversity jurisdiction)*; Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988).[4]
15 As the party seeking to remove the action, the defendant bears the burden of establishing that
16 subject matter jurisdiction exists. *Ethridge*, 861 F.2d at 1393. Because the Court strictly construes
17 the removal statute against removal, if there is any doubt as to the existence of federal jurisdiction,
18 the Court should remand the matter to state court. *See Gaus v. Miles*, *Inc.*, 980 F.2d 564, 566 (9th
19 Cir. 1992).

20 The procedure for removal is set forth in 28 U.S.C. § 1446. This section provides that a
21 defendant seeking to remove a civil action to federal court must file a notice identifying the basis for
22 removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy
23 of the initial pleading setting forth the claim for relief upon which such action or proceeding is
24 based[.]" 28 U.S.C. § 1446(b).

25 Pursuant to 28 U.S.C. § 1447(c), a plaintiff may challenge the propriety of removal based on

---

[3]Docket No. 14.

[4]Section 1441(b) further provides that if the basis for federal jurisdiction is diversity of citizenship, removal is available only if no defendant is a citizen of the forum state.

2

procedural defects and move to remand a case to state court within 30 days after the filing of the notice of removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 2003).

**ANALYSIS**

In its Notice, Equilon contends diversity jurisdiction is satisfied because: (1) Plaintiff seeks damages in excess of $2.5 million, (2) Plaintiff is a resident of the State of California, (3) Equilon was, has been, and still is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in the state of Texas, (4) each of Equilon's individual members is incorporated in, or is a limited liability company organized under the laws of, a state other than California, and that each individual member has its principal place of business in a state other than California, and (5) the fictitious Doe defendants in the Complaint must be discarded for the purposes of determining diversity removal.

In his Motion, Plaintiff contends that courts must look to the Complaint to determine whether an action can be removed. Plaintiff avers that since the Complaint alleges that Equilon is a resident of or doing business in the State of California, the burden shifts to Equilon to prove the existence of diversity and the amount in controversy by a preponderance of evidence. Plaintiff further contends that Equilon has failed to establish that California is not Equilon's principal place of business. In its Opposition, Equilon proffers the declaration of Hector A. Pineda, Secretary for Equilon ("Declaration"). The Declaration states that: (1) Equilon is a limited liability company organized under Delaware law, with its principal place of business in Houston Texas, (2) as of April 30, 2007, Equilon's members are TMR Company ("TMR") and SOPC Holdings West LLC ("SOPC"), (3) TMR is incorporated in Delaware and has its headquarters in Houston, Texas, (4) SOPC is a limited liability company organized under Delaware law and headquartered in Delaware, (5) SOPC's members are Shell Oil Company and Shell Oil Products Company LLC, (6) Shell Oil Products LLC, is a Delaware limited liability company, and (6) the sole member of Shell Oil Products Company LLC is Shell Oil Company, which is a Delaware Corporation with its headquarters in Houston, Texas.

//

3

28 U.S.C. § 1441 in pertinent part provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. §§ 1441(a), (b).

28 U.S.C. § 1332 in pertinent part provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>     (1) citizens of different States . . .
> (c) For the purposes of this section and section 1441 of this title--
>     (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.

28 U.S.C. §§ 1332(a)(1), (c)(1).

Here, Plaintiff has not filed any documents contesting that his Complaint satisfies the amount in controversy requirement for diversity jurisdiction under 28 U.S.C 1332(a). Therefore, the only issue before the Court is whether there is diversity of citizenship. The "Doe" defendants are not considered in this analysis because § 1441 provides that "for purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be discarded." 28 U.S.C. § 1441(a).

Because Equilon is a limited liability company, Equilon's citizenship for diversity purposes is determined by the citizenship of its members. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Equilon's Opposition and Declaration meets its burden of establishing that at time the Complaint was filed and removal was effected, Equilon and its members were not incorporated in California, and that California was not a principal place of business for any of them. Therefore, Equilon's Opposition and Declaration provides a sufficient factual basis to

4

establish that diversity of citizenship as defined and required in 28 U.S.C. § 1332(c) and 28 U.S.C. 1441(b) is satisfied.  Equilon's allegation that Plaintiff is a citizen of California has not been contested by Plaintiff.  Accordingly, because Plaintiff and Equilon are not citizens of the same state, there is complete diversity under the language of § 1332.

Plaintiff contends that the Court must look to Plaintiff's Complaint in determining citizenship of the parties, and that the Complaint alleges that Equilon is a resident of or doing business in the State of California.  Section 1332(c)(1) provides that, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Plaintiff's original state court Complaint alleges that Shell Oil Products US and Does 1 to 20 "were residents or doing business in Contra Costa County."  (Notice, Ex. B.)  Plaintiff's Complaint does not allege that Equilon, or its members, are incorporated in California, nor that California is a principal place of business for Equilon or its members.  Therefore, even taking the facts alleged in the Complaint to be true, Plaintiff has not alleged facts sufficient to establish that Equilon is a *citizen* of California or that California is its *principal* place of business under the language of § 1332.  Accordingly, Plaintiff's Complaint does not contradict Equilon's evidence that complete diversity exists.

Plaintiff cites *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006) for the contention that he should be provided an opportunity to conduct discovery to establish that Defendant's principal place of business is California.  Plaintiff's contention is unpersuasive.  *Abrego* is inapposite to the instant case, both because the *Abrego* court addressed an action removed under the Class Action Fairness Act, and because the court recognizes only that "some courts have suggested that it may be appropriate to allow discovery relevant to *jurisdictional amount* prior to remanding." *Id.* at 691 (emphasis added).  Jurisdictional amount is not in dispute here.  Therefore, Plaintiff has not established a basis for conducting jurisdictional discovery on the issue of Equilon's citizenship.

//
//
//

5

//

## CONCLUSION

Because Equilon has established that complete diversity exists under U.S.C. § 1332, the Court **DENIES** Plaintiff's Motion for Remand.

**IT IS SO ORDERED.**

Dated: August __1__, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE